**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **ANTHONY CHAPPLE,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **Vs.** | § | **Civil Action No. 1:17cv410** |
| | § | |
| **TEXAS DEPARTMENT OF AGING** | § | **Jury Requested** |
| **AND DISABILITY SERVICES, and** | § | |
| **TEXAS HEALTH AND HUMAN** | § | |
| **SERVICES COMMISSION,** | § | |
| **Defendants.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

## Introduction

1.    Defendant Texas Department of Aging and Disability Services ("DADS")
and Texas Health and Human Services Commission, ("HHSC") violated Title VII by
discriminating or retaliating against its former employee or potential employee,
Plaintiff Anthony Chapple ("Chapple").

## Jurisdiction and Venue

2.    The Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and
under 28 U.S.C. § 1343 (civil rights).

3.    The acts or omissions made the basis of this suit occurred in Travis County,
Texas and in this judicial district, so venue is proper in this Court under 28 U.S.C. §
1391.

4.    All required conditions precedent required under Title VII (42 U.S.C. §2000e
et seq.) have been exhausted and/or performed by Chapple prior to the filing of this
complaint: 1) Chapple filed a charge of discrimination against DADS on October 10,
2015 with the U.S. Equal Employment Opportunity Commission (hereinafter

**Plaintiff's Original Complaint**                                                                                    **1**

"EEOC"), within 300 days of the date of the discriminatory adverse actions for which recovery is sought that is complained of herein (the earliest of which occurred on January 15, 2015 when Chapple learned that the DLC position had been filled and therefore that he was not hired for the DLC position), 2) Chapple filed a charge of retaliation against HHSC on May 6, 2016 with the EEOC, within 300 days of the dates of the retaliatory adverse actions complained of herein (denial of hiring for multiple positions that Chapple applied for; the earliest of which occurred on October 8, 2015 and the latest being on January 16, 2017); 3) Mr. Chapple received his right to sue letters regarding these two charges on February 13, 2017. See Exhibit A, which contains copies of Chapple's charges and the Right to Sue letters. Therefore, this suit was timely filed; within the 90 days from Chapple's receipt of these right to sue letters.

## Parties

5.    Chapple is a citizen of the United States and the State of Texas and resides in Travis County, Texas.  Chapple may be contacted through his attorney of record in this cause.

6.    Defendant Texas Department of Aging and Disability Services ("DADS") is a state agency and may be served through its Commissioner, John Weizenbaum, at 701 W. 51st Street, Austin, TX 78751, P.O. Box 149030, Austin, TX 78714-9030.

7.    Defendant Texas Health and Human Services Commission, ("HHSC") is a state agency and may be served via its Executive Commissioner, Charles Smith, at the      Brown-Heatly      Building,      4900      N.      Lamar      Blvd., Austin, TX 78751-2316, P.O. Box 0000, Austin, TX 78714-9030.

**Plaintiff's Original Complaint**                                                                2

## Statement of the Case

8.   Chapple was discriminated against by DADS because of his race or gender by being denied equal treatment during the selection process for the position of Director of Licensing and Credentialing ("DLC") and then being passed over for hiring into the position when a white female with much less experience and qualifications than Chapple was hired by a white female.

9.   Chapple learned that the white female was hired into the DLC position on January 15, 2015.

10.   DADS reasons for its disparate treatment of Chapple both in the selection process and hiring decision, are inaccurate, unsupported, based upon unadvertised criteria or criteria that did not preexist the hiring decision, and result in racial or gender-based disparate treatment of Chapple compared to the employees that received preferential treatment.

11.   Additionally, Chapple applied for at least seven other positions from October 8, 2015 through January 16, 2017 within HHSC and DADS.

12.   On information and belief, Chapple asserts that he was denied one or more, if not all, of these positions in retaliation for his protected activities or for discriminatory reasons given that Chapple asserts, again on information and belief, that DADS and HHSC were aware of Chapple's protected activities and that Chapple was substantially more qualified for these positions than the persons that were hired.

13.   Chapple also asserts that DADS again denied Chapple the DLC position in 2016-2017, but this time, by refusing to take timely action over a period of months

**Plaintiff's Original Complaint**

to fill the position for no legitimate reason, even though Chapple had timely applied for the position and exceeded the legitimate minimum qualifications.

14. Because of these violations of Chapple's rights by DADS and HHSC, Chapple has suffered loss of back pay and front pay, emotional damages, humiliation, loss of career advancement, loss of enjoyment of life, attorney's fees, and costs.

<u>**Factual Allegations**</u>

15. Chapple is an African American male who had over 23 years of service working for DADS or its predecessor state agencies, including eight years as the Director of Licensing and Credentialing ("DLC") and just under nine (9) years of additional management experience within these agencies.

16. Chapple's performance and experience working for DADS and the other agencies under HHSC and its predecessor agencies were notable in the following ways:

- Multiple Merit Increases,
- Consistently positive performance evaluations, including the last performance evaluation he received while serving in the DLC position, which included the assessment, "consistently exceeds performance expectations,"
- Nomination, attendance, and graduation from the Governor's Executive Development Program ("GEDP"), and
- No disciplinary actions on his employment record for the entire 23+ years.

17. Chapple, at all times relevant to his claims, exceeded the required qualifications for the DLC and other positions that he applied for but was not hired to perform.

**Plaintiff's Original Complaint**

4

18. The job description, duties and responsibilities of the DLC position were the same during the time that Chapple held the position through to the time of filing of this suit.

19. After Chapple transferred to the position of Director of Quality Monitoring program from the DLC position in 2013, Chapple's former supervisor, Veronda Durden ("Durden") (black female), posted a job vacancy notice in 2013 to fill the DLC position.

20. The 2013 job posting specifically stated that, "[e]xperience and education may be substituted for one another."

21. Durden hired Dana McGrath ("McGrath") (white female) to fill the DLC position, however McGrath only stayed in the position for approximately one year.

22. Durden received a promotion to a different position in a sister HHSC agency and was replaced by Mary Henderson ("Henderson") (white female).

23. After McGrath left the DLC position, Henderson posted a job vacancy notice for the DLC position later in 2014.

24. It was a known and common practice, during all relevant times to this litigation, for former employees that retired from DADS and other HHSC agencies and their predecessor agencies to return to work in the same or similar roles that they held prior to their retirements if the returning retiree was the most qualified applicant for that position.

25. There was no legal restriction against Chapple applying for and receiving the DLC position that was posted in 2014, if he was the most qualified applicant.

**Plaintiff's Original Complaint**

26. There was no policy or practice against Chapple applying for and receiving the DLC position that was posted in 2014, if he was the most qualified applicant.

27. There was no legal restriction against Chapple applying for and receiving any of the positions that Chapple applied for during 2015 through to the present, if he was the most qualified applicant.

28. There was no policy or practice against Chapple applying for and receiving any of the positions that Chapple applied for during 2015 through to the present.

29. Henderson's posting for the DLC position changed from that contained in the Durden version of the DLC posting in two very significant ways:

- Added requirement of "[a]dvanced degree in law, management, business administration or discipline related to health care administration is preferred,"
- Removed the provision that, "[e]xperience and education may be substituted for one another."

30. DADS has no legitimate non-discriminatory reason for the changes it made to the DLC job posting in 2014 for the following reasons:

- The duties of the DLC did not and do not require an "[a]dvanced degree in law, management, business administration or discipline related to health care administration is preferred,"
- It is a common, recommended, and required practice in state agency job postings to include a provision that, "[e]xperience and education may be substituted for one another."

33. DADS did not communicate to Chapple that he had not been selected for the DLC position.

34. On January 15, 2015, Chapple learned that he was not the successful applicant for the DLC position.

35. Henderson had hired Cindy Bourland ("Bourland") (white female) for the DLC position.

**Plaintiff's Original Complaint**

36. Bourland had substantially less experience and qualifications required to perform the duties and responsibilities of the DLC position than Chapple.

37. Bourland's only qualification that exceeded Chapple's was her advanced degree.

38. Bourland's work experience and other performance-based qualifications were substantially less than Chapple's for the DLC position.

39. When Chapple learned that he was not hired for the DLC position, he simultaneously/deductively learned that he had also not been interviewed for the DLC position.

40. Chapple later learned that the two persons that had been interviewed, Bourland and Bob Schmidt ("Schmidt") (white male), both had much less experience and qualifications than Chapple for the duties and responsibilities required for the actual performance of the DLC position.

41. Additionally, when DADS attempted to explain why Chapple had not been interviewed but Bourland and Schmidt had, DADS' explanations were a combination of after-the-fact fabrications, inconsistent, and established disparities of treatment between these two lesser qualified interviewees and Chapple such that DADS' attempted explanations were pretextual at best.

42. Henderson hired Bourland rather than Chapple because of her gender-female or race-white.

43. Henderson was aware of race and gender of Bourland, Schmidt, and Chapple prior to her decisions on which applicants she would interview and then hire for the DLC position in 2014.

44. Chapple made several Public Information Act requests for documents related to the selection process for the DLC position in 2015.

45. Based on this information, Chapple filed his charge of discrimination on October 10, 2015 with the EEOC.

46. Chapple applied for no fewer than seven positions within HHSC and its subordinate agencies like DADS from October 2015 through January 16, 2017.

47. Chapple was substantially well qualified for each of these positions.

48. Chapple was not hired for any of these positions.

49. On information and belief, Chapple was substantially better qualified for each of these positions compared with the individuals that were hired for these positions.

50. On information and belief, none of the persons hired for these positions had engaged in protected activity prior to being hired for these positions.

51. On information and belief, HHSC and DADS were aware that Chapple was black, male, and had engaged in protected activity prior to their decisions not to hire Chapple for these seven positions.

52. One of the seven positions that Chapple applied for was the DLC position, again, which Chapple submitted on October 31, 2016.

53. DADS took no action to fill the 2016 DLC position vacancy.

54. DADS had no legitimate non-discriminatory or non-retaliatory explanation for failing to fill the 2016 DLC position vacancy.

55.  DADS and HHSC have acted to deny Chapple employment in any of the vacant positions or positions in sister agencies for which Chapple is qualified and had applied.

## **Damages**

56. Because of statutorily impermissible and willful, if not malicious, acts of the DADS and its representatives, Chapple has suffered loss of income, loss of benefits, loss of career opportunity, loss of career investment, and loss of advancement pursuant to Title VII of the Civil Rights Act or 1964 and 1991, as amended and codified at 42 U.S.C. §2000e et seq. ("Title VII").  As a consequence of the unlawful and outrageous actions of DADS, Chapple has suffered humiliation, loss of standing in the community, emotional pain and suffering, inconvenience, loss of enjoyment of life, irritation and mental anguish.  Chapple seeks hiring into a position that he qualifies for and agrees to, recovery, compensatory, and equitable (i.e., back pay and front pay) damages, as well as attorney's fees, and costs and pre and post judgment interest in the maximum amounts allowed by law pursuant to Title VII of the Civil Rights Act or 1964 and 1991, as amended and codified at 42 U.S.C. §2000e et seq. ("Title VII").

57. Because of statutorily impermissible and willful, if not malicious, acts of the HHSC and its representatives, Chapple has suffered loss of income, loss of benefits, loss of career opportunity, loss of career investment, and loss of advancement pursuant to Title VII of the Civil Rights Act or 1964 and 1991, as amended and codified at 42 U.S.C. §2000e et seq. ("Title VII").  As a consequence of the unlawful and outrageous actions of DADS, Chapple has suffered humiliation, loss of standing

in the community, emotional pain and suffering, inconvenience, loss of enjoyment of life, irritation and mental anguish.  Chapple seeks hiring into a position that he qualifies for and agrees to, recovery, compensatory, and equitable (i.e., back pay and front pay) damages, as well as attorney's fees, and costs and pre and post judgment interest in the maximum amounts allowed by law pursuant to Title VII of the Civil Rights Act or 1964 and 1991, as amended and codified at 42 U.S.C. §2000e et seq. ("Title VII").

## Relief Requested

Paragraphs one (1) through fifty-seven (57) of this complaint are incorporated by reference and made a part of Relief One through Relief Five, inclusive.

## EQUITABLE RELIEF

## Relief One

Equitable and compensatory damages are the only means of securing adequate relief for Chapple.  Chapple suffered, is now suffering, and will continue to suffer irreparable injury from the unlawful conduct by DADS and HHSC, as set forth herein until and unless enjoined by the Court, to include but not be limited to hiring into a position that he qualifies for and agrees to. Title VII.

## Relief Two

Chapple seeks awards of back pay and front pay for the loss of income as a result of discriminatory and retaliatory based conduct by DADS and HHSC and its representatives by denying Chapple hiring into one of the multiple positions that he applied for and for which he was substantially more qualified than the persons hired that were not black or male or had engaged in protected activity and as a result of Chapple's

negative experiences in that regard to include the denial of equal treatment and also leaving the DLC position vacant without justification. Title VII.

### Relief Three

Chapple is entitled to awards of pre- and post-judgment interest on any amounts awarded to him. Title VII.

### LEGAL RELIEF

### Relief Four

Chapple seeks compensatory damages due to the illegal conduct of DADS and HHSC as alleged herein related to Chapple's discrimination and retaliation claims. Title VII.

### Relief Five

Chapple seeks attorney's fees, costs, and expert fees. Title VII.

### PRAYER FOR RELIEF

Chapple requests the Court to cause DADS and HHSC to be cited to appear and answer in this Court, and that upon final hearing, the Court grant to Chapple as follows:

1. Grant Chapple all equitable damages including hiring to the highest position to which Chapple establishes that he was qualified for and for which he was substantially more qualified than the person hired for the position a similar position to which Chapple is qualified, back pay, front pay, lost benefits and profits;

2. Grant Chapple compensatory damages for DADS' and HHSC's acts of retaliation against him;

3. Grant Chapple pre and post-judgment interest in the highest lawful amount;

4.   Grant Chapple reasonable attorney's fees, together with his costs; and

5.   Such other and further relief as the Court determines justice and equity so
     require.

                              Respectfully submitted,
                               /s/ Robert Notzon
                              Robert Notzon
                              The Law Office of Robert Notzon
                              Texas Bar No. 00797934
                              1502 West Avenue
                              Austin, Texas 78701
                              Robert@NotzonLaw.com
                              (512) 474-7563
                              (512) 852-4788 facsimile

                              **ATTORNEY FOR PLAINTIFF**

# Exhibit A

**Plaintiff's Original Complaint**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 451-2015-02817 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.)<br>Mr. Anthony D. Chapple *(he)* | Home Phone (Incl. Area Code)<br>(512) 832-0032 | Date of Birth<br>09-23-1959 |
|---|---|---|
| Street Address<br>11511 Oakwood Drive, | City, State and ZIP Code<br>Austin, TX 78753 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>TEXAS DEPARTMENT OF AGING AND DISABILITY SERVICES | No. Employees, Members<br>500 or More | Phone No. (Include Area Code)<br>(512) 438-3011 |
|---|---|---|
| Street Address<br>701 West 51 Street, | City, State and ZIP Code<br>Austin, TX 78714 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Street Address | City, State and ZIP Code | |

*I found out that*

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE  ☐ COLOR  ☒ SEX *(he)*  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION<br>☐ OTHER (Specify) | Earliest: 01-16-2015    Latest: 01-16-2015<br>08-29-2014 *(he)*<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On January 16, 2015 I was not hired for the position of Director of Licensing and Credentialing. Also, I was not interviewed for the position.

No reason was given to me for this disparate treatment. *also substantially*

I believe that I have been discriminated against because of my race, Black, and my age, 56, in violation of Title VII of the Civil Rights Act of 1964, as amended and the Age Discrimination in Employment Act of 1967, as amended. *( even though she was substantially less qualified than me)*

*8*

A White Female, Cindy Courland, was selected as the Director, Licensing and Credentialing. Bobby Schmidt, White, was interviewed, and he was less qualified than me, by 1 month experience in Regulatory Services, no experience in the position, had deficiencies in the screening tool *(he)* mischaracterized by screeners in order to advance him to be interview. *(he)*

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY -- When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 10/12/2015        *Anthony D. Chapple*<br>Date            Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other Information before completing this form. | ☐ FEPA<br>☒ EEOC | 451-2016-01880 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Anthony D. Chapple | (512) 832-0032 | 09-23-1959 |

| Street Address | City, State and ZIP Code |
|---|---|
| 11511 Oakwood Drive, Austin, TX 78753 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| TEXAS HEALTH AND HUMAN SERVICES COMMISSION | 500 or More | (512) 438-2206 |

| Street Address | City, State and ZIP Code |
|---|---|
| 701 West 51st Street, Winters Building, Austin, TX 78751 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 10-16-2015   Latest: 11-25-2015

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

After I filed my previous charge of discrimination 451-2015-02817, I have applied for other positions of employment and I have not been hired.

I believe I have been retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act (ADEA) of 1967, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 5/6/2016 _Anthony D Chapple_<br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:   Anthony D. Chapple
      c/o Robert Notzon, Attorney at Law
      1502 West Avenue
      Austin, TX 78701

From:   San Antonio Field Office
        5410 Fredericksburg Rd
        Suite 200
        San Antonio, TX 78229

☐  *On behalf of person(s) aggrieved whose identity is*
   *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 451-2015-02817 | Jose Colon-Franqui,<br>Enforcement Supervisor | (210) 281-7608 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒   More than 180 days have passed since the filing of this charge.

☐   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____          *2/9/2017*
            Travis G. Hicks,              *(Date Mailed)*
              Director

Enclosures(s)

cc:   Jon Weizenbaum
      Commissioner
      **TEXAS DEPARTMENT OF AGING AND DISABILITY**
      701 west 51 Street
      Austin, TX 78714

US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SAN ANTONIO FIELD OFFICE
5410 FREDERICKSBURG ROAD SUITE 200
SAN ANTONIO, TX 78229-3555

AN EQUAL OPPORTUNITY EMPLOYER

SAN ANTONIO TX 780
NO FEB 2017 PM4 L

Anthony D. Chapple
c/o Robert Notzon, Attorney at Law
1502 West Avenue
Austin, TX 78753

78701-15199

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:  Anthony D. Chapple
c/o Robert Notzon, Attorney at Law
1502 West Avenue
Austin, TX 78701

From:  San Antonio Field Office
5410 Fredericksburg Rd
Suite 200
San Antonio, TX 78229

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 451-2016-01880 | Jose Colon-Franqui, Enforcement Supervisor | (210) 281-7608 |

NOTICE TO THE PERSON AGGRIEVED:                                              (See also the additional information enclosed with this form.)

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☒  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

_____          2/9/2017
Travis G. Hicks,                                  (Date Mailed)
Director

cc:   Jon Weizenbaum
Commissioner
TEXAS DEPARTMENT OF AGING AND DISABILITY
701 West 51 Street
Austin, TX 78714

SAN ANTONIO TX 780
U.S. POSTAGE DISTRICT
20 FEB 2017 PM 4 L

AN EQUAL OPPORTUNITY EMPLOYER

**US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
SAN ANTONIO FIELD OFFICE
5410 FREDERICKSBURG ROAD SUITE 200
SAN ANTONIO, TX 78229-3555

**Anthony D. Chapple**
c/o Robert Notzon, Attorney at Law
1502 West Avenue
Austin, TX 78701

78731-155155